No. 23,199.

WILL S. THOMPSON, *Plaintiff*, V. THE STATE BOARD OF CAN-
VASSERS, L. J. PETTIJOHN, as Secretary of State, etc., and
CARR W. TAYLOR, *Defendants*.

SYLLABUS BY THE COURT.

1. PRIMARY ELECTION—*Contest Board—Not a Canvassing Board.* The
boards created by the primary-election law to consider and decide ob-
jections to certificates of nomination and nomination papers, and other
questions arising in relation thereto (Gen. Stat. 1915, § 4204), are not
canvassing boards, but are separate tribunals, with functions differ-
ent from those of canvassing boards.

2. SAME—*Jurisdiction and Functions of Contest Board.* The boards re-
ferred to are contest boards, which have quasi-judicial powers, and
have jurisdiction to pass not only on formalities relating to nomina-
tion certificates and papers, but on grounds of contest, such as the
counting of illegal ballots and the rejection of legal ballots.

3. SAME—*Contest Boards—Authority and Procedure.* In matters of pro-
cedure the boards referred to are invested with all the authority which
corresponding contest boards under the general-election law possess,
and in the conduct of a contest, the election-contest code should be
adapted and followed.

Original proceeding in mandamus. Opinion, supplement-
ing former opinion, filed November 15, 1920. (For original
opinion denying writ see *ante,* p. 548, 192 Pac. 749.)

*F. Dumont Smith,* and *C. M. Williams,* both of Hutchinson,
for the plaintiff.

*John H. Connaughton,* of Kingman, *E. D. McKeever,* of To-
peka, *F. L. Martin,* and *Carr W. Taylor,* both of Hutchinson,
for the defendants.

The opinion of the court was delivered by

BURCH, J.: It has been brought to the attention of the court
that the constitution and powers of the contest board provided
by the primary-election law are still imperfectly understood,
and in order to clarify the subject a little more the court will
supplement its former opinion by the following observations.

When the state concluded to regulate the nomination of can-
didates for election it became apparent that various questions

would likely arise touching claimed nominations, which would need speedy and final determination. To meet this need the contest board was created. Canvassing boards have certain ministerial functions to perform. (*Rosenthal v. State Board of Canvassers,* 50 Kan. 129, 32 Pac. 129; *Capper v. Stotler,* 88 Kan. 387, 128 Pac. 200.) Under the primary-election law those functions remain unchanged, and for any nonfeasance or misfeasance of those bodies, proper remedies exist. The contest board, however, is not a canvassing board at all. The state canvassing board for general elections is the state canvassing board for primary elections (Gen. Stat. 1915, § 4187). That board is composed of the governor, the secretary of state, the auditor of state, the treasurer of state, and the attorney-general, or any three of them (Gen. Stat. 1915, § 4161). In this instance the contest board is composed of the secretary of state, the auditor, and the attorney-general (Gen. Stat. 1915, § 4204). If the state canvassing board or its members had been designated as the contest board, there would nevertheless be two separate tribunals, with different functions. Ordinarily, the officers constituting the contest board do perform the functions of the state canvassing board; but the contest board is a distinct and different body (*Allen v. Burrow,* 69 Kan. 812, 816, 77 Pac. 555).

The contest board is a quasi-judicial tribunal (*Miller v. Clark,* 62 Kan. 278, 62 Pac. 664; *Allen v. Burrow,* 69 Kan. 812, 77 Pac. 555). The statute clothes it with jurisdiction to pass on regularity of nomination papers. Besides that, the board is given power to consider and decide "other questions arising in relation thereto" (Gen. Stat. 1915, § 4204; *Miller v. Clark,* 62 Kan. 278, 62 Pac. 664). In the case just cited, the expression "other questions arising in relation thereto," that is, in relation to nomination certificates and papers, was held to include the subject, Which one of two conventions was the authorized exponent of a political party for making a nomination for state senator? In *Allen v. Burrow,* supra, it was held that the contest board had jurisdiction, not only to pass on formalities relating to nomination certificates and papers, but also to decide between two certificates of nomination for congress coming from different conventions. In the case of *Griffin v. Gesner,* 78 Kan. 669, 97 Pac. 794, the petition presented to

Thompson v. Pettijohn.

this court disclosed that the grounds for the proposed contest were that illegal votes had been cast for the candidate appearing to be successful on the face of the returns, and that legal votes for the opposing candidate had not been counted. It was contended that the contest board was not designed to try contests over the results of primary elections, but the court held otherwise.

In the section of the statute creating the contest board, no procedure is prescribed. Section 10 of chapter 54 of the Laws of 1908 made the general declaration that provisions of the election law should apply to primary elections, as far as consistency would permit, and then enumerated many subdivisions of the election law which were to govern primary elections. Among the enumerated subdivisions was article 6 of chapter 36 of the General Statutes of 1901 (Gen. Stat. 1915, ch. 33, art. 8), relating to contest of elections. In 1915 this hodge-podge section was superseded by the following:

"The provisions of existing statutes concerning elections, and any amendment now or hereafter made thereto, so far as the same are consistent with the provisions of this act, shall apply to the primary provided for in this act, the intent of this act being to place the primary under the regulations and protections in all respects of the laws in force as to the general elections. That all of the powers and duties conferred and imposed by the law of this state upon commissioners of election, registration officers, judges, and clerks of election, canvassing boards, and all other public officials, and all laws relating to the registration, qualification, challenging and voting of electors, in connection with general elections are, in every detail and particular, conferred and imposed upon each and all of such officers in connection with primary elections conducted under the provisions of this act, except as herein otherwise specially provided." (Gen. Stat. 1915, § 4183.)

Therefore, all pertinent provisions of the general-election law are portions of the primary-election law (*The State, ex rel., v. Botkin*, 98 Kan. 694, 158 Pac. 1119), including the article relating to contest of elections. While the contest board would take by implication those powers which are indispensable to accomplishment of the purposes of its creation, the quoted section invests it with all authority which the corresponding election-contest tribunal possesses, and in the conduct of a contest the election-contest code should be adapted and followed.